SOL:JC:WS
(09)

**CV - 09  3644**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 21 2009 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

---

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

         Plaintiff,

v.

MARTINO'S PIZZERIA, INC., A Corporation; D/B/A
MAMA'S PIZZERIA & RESTAURANT, and
GAETANO PINELLO, Individually and as Owner and
GRACE PINELLO, Individually and as Owner,
         Defendants.

---

: (SI)
: Civil Action
: File No.
: COMPLAINT

WEXLER, J.
BOYLE, M.

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that defendants violated sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

I

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and 28 U.S.C. sections 1331 and 1345.

II

Defendant, MARTINO'S PIZZERIA INC. D/B/A MAMA'S PIZZERIA AND RESTURANT ("Corporation"), is a corporation duly organized under the laws of New York having its principal office and place of business at 922 Montauk Highway, Copiague New York 11726, within the jurisdiction of this Court, where defendant is engaged in the restaurant business.

III

Defendant Corporation regulates the employment of all persons it employs, acts directly and indirectly in its own interest in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

IV

Defendant, GAETANO PINELLO, who does business at 922 Montauk Highway, Copiague New York 11726, within the jurisdiction of this Court, is an owner of Defendant Corporation, in active control and management of Defendant Corporation, regulates the employment of persons employed by Defendant Corporation, acts directly and indirectly in the interest of Defendant Corporation in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

V

Defendant, GRACE PINELLO, who does business at 922 Montauk Highway, Copiague New York 11726, within the jurisdiction of this court, is an owner of Defendant Corporation, in active control and management of Defendant Corporation, regulates the employment of persons employed by Defendant Corporation, acts directly and indirectly in the interest of Defendant Corporation in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

VI

The business activities of the Defendants, as described, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the act.

VII

Defendants employ employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise has had an annual gross volume of sales made or business done in an amount not less than $500, 000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A)(ii) of the Act.

VIII

Defendants in many workweeks willfully and repeatedly have violated and are violating the provisions of sections 6 and 15(a)(2) of the Act by employing many of their employees at rates less than those which are applicable under Section 6 of the Act. Therefore, defendants are liable for unpaid minimum wage compensation and prejudgment interest on the unpaid minimum wage compensation under section 17 of the Act.

IX

Defendants in many workweeks willfully and repeatedly have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees for workweeks longer than those prescribed in section 7 of the Act without compensating the

employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendants are liable for unpaid overtime compensation and prejudgment interest on the unpaid overtime compensation under section 17 of the Act.

X

Defendants willfully and repeatedly have violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, the records kept by the defendants failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the regular rate of pay, the basis upon which wages were paid, the total straight-time earnings for each workweek, and/or the total overtime compensation for each workweek, with respect to many of their employees.

XI

Defendants since May 12, 2006 willfully and repeatedly have violated and are violating the provisions of the Act as alleged above.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from violating the provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For an order pursuant to section 16(c) of the Act finding defendants liable for unpaid minimum wages and overtime compensation found due defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional unpaid minimum wages and overtime compensation and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint); or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

(4)     For an order awarding plaintiff the costs, fees and other expenses of this action; and

(5)   For an order granting such other and further relief as may be necessary and appropriate.

DATED:   August 19, 2009
         New York, New York

*(signature)*
CAROL A. DE DEO
Deputy Solicitor for National Operations

*(signature)*
PATRICIA M. RODENHAUSEN
Regional Solicitor

*(signature)*
JOHN CAMPBELL
Senior Trial Attorney
JC( 2125)

U.S. Department of Labor,
Attorneys for Plaintiff.

# Exhibit A

Alvarado, Juan Carlos
Arias, Jose Carmello
Cuc Caal, Elias
Fugon Ramos, Marvin
Hernandes, Tomas
Lemus, Ebelio
Lemus, Luis
Lemus, Will
Martines, Remberto
McShea, Steven
Mejia, Jose
Menjibar, Elias
Nolasco, Santiago
Perez, Jose
Rene, Jose
Rivera, Carlos
Rivera, Cesar
Rivera, Jose
Rivera, Juan
Santos, Jorge
Santos, Jose
Santos Valloy, Jose
Suazo, Daniel
Venado, Juan