

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>MARTINO'S PIZZERIA, INC., A Corporation; D/B/A<br>MAMA'S PIZZERIA & RESTAURANT, and<br>GAETANO PINELLO, Individually and as Owner and<br>GRACE PINELLO, Individually and as Owner,<br><br>Defendants. | :<br><br>:   Civil Action<br><br>:   File No.  CV 09-3644<br>           (LDW)(ETB)<br><br>:<br><br>:   **CONSENT JUDGMENT**<br><br>:<br><br>: |

-------------------------------------------------------------------------

Plaintiff, the Secretary of Labor, has filed her Complaint and defendants

MARTINO'S PIZZERIA, INC. D/B/A MAMA'S PIZZERIA & RESTAURANT,

GAETANO PINELLO, AND GRACE PINELLO appeared by counsel, and an agreement

was reached by all the parties to resolve all the issues raised in this action.  This

agreement does not constitute an admission of wrongdoing under the Fair Labor

Standards Act on behalf of defendants.

Defendants acknowledge their responsibilities pursuant to this agreement and

acknowledge that they will be subject to sanctions in contempt of this Court if they fail to

comply with the provisions of this Judgment.  Defendants consent to the entry of this

Judgment, and it is therefore upon motion of the attorneys for the Secretary and for good

cause shown:

I.      ORDERED that defendants, their officers, employees, agents, and all

persons acting or claiming to act in the defendants' behalf and interest be, and they

hereby are, permanently enjoined and restrained from violating the provisions of sections

1

6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any manner, specifically including:

(1)     Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2)     Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3)     Defendants shall make, keep, and preserve accurate and complete records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

a. Discloses, or notifies the employer of his intention to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship.

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

II.    ORDERED that defendants are enjoined and restrained from withholding the payment of $800,000: $390,000.00 in minimum wages and overtime compensation, $390,000.00 in liquidated damages owed to defendants' employees listed in Exhibit A, and $20,000 in civil money penalties.   Defendants shall pay the minimum wages, overtime compensation and liquidated damages as follows.   Defendants shall deliver a certified check in the amount of $780,000.00 by close of business on **March 4, 2011** to **United States Department of Labor/Wage and Hour Division, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA   19106-3317,** payable to the order of **"Wage and Hour-Labor".   "Case No. 1528337" will be written on the face of the check.** At the same time, defendants shall deliver a separate certified check in the amount of $20,000 to the same address, payable to the order of **"Wage and Hour-Labor".   "Civil Money Penalty - Case No. 1528337" will be written on the face of the check.**

III.    ORDERED that copies of the certified checks and cover letters shall be simultaneously sent to James Kolpack at the United States Department of Labor – Wage

and Hour Division, Northeast Region, The Curtis Center, Suite 850 West, 170 S.

Independence Mall West, Philadelphia, PA 19106 and Irv Miljoner, District Director,

U. S. Department of Labor, Wage & Hour Division, 1400 Old Country Road, Westbury,

New York 11590.

IV.   ORDERED that defendants shall provide to plaintiff to the extent

available the full name, social security number and last known address of each employee

or former employee due money under this judgment.  The Secretary shall distribute the

defendants' payments to the employees and former employees, or to their estates, as set

forth in Exhibit A.  Any sums not distributed to the employees or former employees, or to

their personal representatives because of inability to locate the proper persons or because

of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the

United States pursuant to 28 U.S.C. 2041 and 2042.

V.   ORDERED that neither defendants nor anyone on their behalf shall

directly or indirectly solicit or accept the return or refusal of any sums paid under this

Judgment.

VI.   ORDERED that defendants shall comply with the COMPLIANCE PLAN

attached as Exhibit B.

VII.   ORDERED that neither the commencement of this action nor the

provisions of this Consent Judgment shall in any way affect, determine, or prejudice any

and all legal rights of any employees or former employees of defendants not listed in the

Exhibit A to file any action against defendants under Section 16(b) of the Act, or likewise

for any current or former employee listed in Exhibit A to file any action against

4

defendants under Section 16(b) of the Act for any violations alleged to have occurred after **January 24, 2011.**

VIII. ORDERED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED:

HONORABLE LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

DATED:    January ____, 2011
          Central Islip, New York

MARTINO'S PIZZERIA D/B/A MAMA'S
PIZZERIA & RESTAURANT

By: _____
    GAETANO PINELLO, Individually
    and as Officer

By: _____
    GRACE PINELLO, Individually

SCARING & BRISSENDEN, PLLC

By: _____
    STEPHEN SCARING, ESQ.
    666 Old Country Rd, Suite 501
    Garden City, N.Y. 11530
    Attorneys for Defendants

M. PATRICIA SMITH
Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

DIANE WADE
Senior Trial Attorney

By: _____
    JENNIFER HUGGINS

U.S. Department of Labor,
Attorneys for the Plaintiff
Office of the Solicitor
201 Varick Street, Room 983
New York, New York 10014
Tel.: (646) 264-3697
Fax: (646) 264-3660

5

## EXHIBIT A
## To the MARTINO'S PIZZERIA, INC. Consent Judgment

|    | Last Name | First Name | MI |
|----|-----------|------------|----|
| 1  | AGOSTA GUTIERREZ | PEDRO | |
| 2  | ALVARADO | JUAN CARLOS | |
| 3  | ANDRADE | CARLOS | |
| 4  | ARIAS | CELIO DE JESUS | |
| 5  | ARIAS | JOSE CARMELLO | |
| 6  | BONEGAS | YESSEN ORLIN | |
| 7  | CUC CAAL | ELIAS | |
| 8  | DONATO | ANTHONY | |
| 9  | FAÑA | RAMON | |
| 10 | FUGON RAMOS | MARVIN | |
| 11 | GARMENDIO | SANTOS OMAR | |
| 12 | HERNANDEZ | FRANCISCO | |
| 13 | HERNANDEZ | TOMAS | |
| 14 | LANDI | LEONARDO | |
| 15 | LEMUS | EBELIO | |
| 16 | LEMUS | LUIS | |
| 17 | LEMUS | WILFREDO | |
| 18 | MARTINES | REMBERTO | |
| 19 | MARTINEZ | CESAR | E |
| 20 | MARTINEZ | RUDY | |
| 21 | MCSHEA | STEVEN | |
| 22 | MEDINA | WILSON | |
| 23 | MEJIA | JOSE | |
| 24 | MEJIA | JOSE RENE | |
| 25 | MENJIBAR | ELIAS | |
| 26 | MORALES | LUIS ALEXANDER | |
| 27 | NOLASCO | SANTIAGO | |
| 28 | PEREZ | JOSE | |
| 29 | REYES GARCIA | SANTO ALCIDES | |
| 30 | RIVERA | CESAR | |
| 31 | RIVERA | JOSE | S |

| | Last Name | First Name | MI |
|---|---|---|---|
| 32 | RIVERA | JUAN | |
| 33 | RIVERA | JUAN CARLOS | |
| 34 | RODRIGUES | DOMINGO MEJIA | |
| 35 | SAGASTIZADO | JOSE | |
| 36 | SANTOS | JORGE | R |
| 37 | SANTOS | JOSE | |
| 38 | SANTOS VALLOY | JOSE | |
| 39 | SUAZO | DANIEL | |
| 40 | TRAINA | LIBORIO | |

**EXHIBIT B**

**MARTINO'S PIZZERIA, INC. COMPLIANCE PLAN**

Defendants MARTINO'S PIZZERIA, INC. D/B/A MAMA'S PIZZERIA & RESTAURANT, GAETANO PINELLO, AND GRACE PINELLO shall comply with all of the provisions of the Consent Judgment and shall take the following additional steps within 10 days of the Judgment unless otherwise specified:

1.    Defendants shall ensure that the time clock or any other timekeeping mechanism that they use to record employees' work times accurately records and totals all hours actually worked and only records break time actually taken for which employees are completely relieved of duty.

2.    Defendants shall ensure that they pay their employees for all hours worked and only deduct from hours worked for breaks of 20 minutes or more and meal breaks of 30 minutes or more.

3.    Defendants shall not make any deductions for loans or cash advances from employees' wages that are not authorized under the Act or prescribed by Regulation.

4.    Defendants shall ensure that payroll records accurately reflect all hours worked and amounts paid to their employees whether paid by check, cash or in tips.

5.    Defendants at their own expense will retain a person acceptable to plaintiff with knowledge and experience in the requirements of compliance with the FLSA to provide training to all their managers and workers on those requirements, employees' rights under the FLSA, and the terms of this Judgment, including the payment of overtime and the rights of employees to engage in activities protected by the Act without fear of retaliation. Defendants will provide an interpreter to enable the Trainer to provide the training in Spanish as well as English. This training to employees shall be completed within 60 days of the entry of Judgment. A subsequent training session shall be provided in 2012. The Trainer will keep records of the attendance of all personnel at the training sessions and will provide copies of these attendance records to plaintiff. Defendants' shall pay all employees for this training time in compliance with the Act.

6.    Defendants shall provide all of their employees each of the following documents, in their choice of Spanish or English:

A. A copy of this plan.

8

B. The flyer "Employee Rights Under the Fair Labor Standards Act" as issued by the U.S. Department of Labor; and "Fact Sheet #23: Overtime Pay Requirements of the FLSA" as issued by the U.S. Department of Labor.

Defendants shall provide these documents to its employees at the time of the first training described in paragraph 5 above. Thereafter, defendants shall provide to any new employees, at the time that they hire them, each of those documents, in their choice of Spanish or English.

7.     Defendants shall display in conspicuous places throughout their establishment for their employees' viewing the poster "Employee Rights Under the Fair Labor Standards Act" issued by the U.S. Department of Labor in both English and Spanish.

MARTINO'S PIZZERIA, INC. D/B/A MAMA'S PIZZERIA & RESTAURANT

By: _____
     GAETANO PINELLO,
     Individually and as Officer

_____
     GRACE PINELLO